MODIFIED[1]

NOT DESIGNATED FOR PUBLICATION

No. 115,967

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESUS MUNOZ JIMENEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Original opinion filed October 6, 2017; modified opinion filed December 14, 2017. Affirmed in part, vacated in part, and remanded with directions.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Jennifer S. Tatum*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MCANANY, J., and STEVEN R. EBBERTS, District Judge, assigned.

PER CURIAM: Jesus Munoz Jimenez appeals from his sentence for a single count of rape. Jimenez raises three arguments on appeal, claiming the district court erred in: (1)

---

[1] **REPORTER'S NOTE**: Opinion No. 115,967 was modified by the Court of Appeals on December 14, 2017, to remand the case to the district court for resentencing after reclassifying the Missouri conviction as a nonperson felony. The modified language is incorporated into this opinion.

1

classifying his 1988 Missouri burglary conviction as a person felony for purposes of scoring his criminal history, (2) changing the period of postrelease supervision from 36 months to the rest of his life, and (3) failing to orally impose the lifetime term of postrelease supervision. Finding that the district court erred regarding arguments (1) and (3) but not regarding argument (2), this court affirms in part, vacates Jimenez' sentence, and remands to the district court for resentencing.

FACTS

On November 12, 2010, Jimenez pled guilty to one count of rape, a severity level one person felony. A presentence investigation report prepared before sentencing indicated that Jimenez' criminal history score was B based in part on a prior 1988 burglary conviction in Christian County, Missouri, which was classified as a person felony.

Prior to sentencing, Jimenez objected to his criminal history score. At sentencing, however, defense counsel conceded that Jimenez' criminal history score was B. Specifically, counsel informed the district court that although Jimenez' 1988 Missouri burglary conviction did not require proof that he had burglarized a dwelling, Jimenez admitted that he broke into a house or inhabitable structure. Jimenez also personally acknowledged to the district court that he had burglarized a residence. Pursuant to the terms of a plea agreement, the district court imposed a downward departure sentence of 96 months' imprisonment followed by a postrelease supervision term of 36 months.

On May 20, 2015, the State filed a motion to correct an illegal sentence, arguing that Jimenez' postrelease supervision period was not in conformity with K.S.A. 2016 Supp. 22-3717(d)(1)(G), which required a defendant convicted of rape to be subject to lifetime postrelease supervision. After hearing argument from the parties, the district court took the matter under advisement. The court subsequently issued a written order

2

granting the State's motion and later entered an Order Correcting Sentence that imposed a lifetime term of postrelease supervision. Jimenez timely appeals.

ANALYSIS

Jimenez raises three points of error on appeal. First, Jimenez argues the district court erred in classifying his 1988 Missouri burglary conviction as a person felony for purposes of scoring his criminal history. Second, he alleges the court erred in changing the period of postrelease supervision from 36 months to the rest of his life. Third, Jimenez claims the court erred in failing to orally impose the lifetime term of postrelease supervision. Each of these allegations is addressed in turn.

DID THE DISTRICT COURT ERR IN CLASSIFYING JIMENEZ' PRIOR MISSOURI BURGLARY CONVICTION AS A PERSON FELONY FOR CRIMINAL HISTORY PURPOSES?

Jimenez argues that the district court erred in classifying his 1988 Missouri burglary conviction as a person offense. We address this issue even though Jimenez stipulated to his criminal history score and the fact that the prior burglary was of a residence. See *State v. Dickey*, 301 Kan. 1018, 1032, 350 P.3d 1054 (2015) (a defendant's stipulation or lack of an objection regarding how prior convictions should be classified or counted for purposes of determining defendant's criminal history score will not prevent subsequent challenge under K.S.A. 22-3504[1] of his or her prior convictions); see also K.S.A. 22-3504(1) (court may correct illegal sentence at any time). Whether a district court properly classified a defendant's prior burglary conviction as a person crime for purposes of scoring criminal history is a question of law over which an appellate court has unlimited review. See *State v. Luarks*, 302 Kan. 972, 976, 360 P.3d 418 (2015); *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014).

The procedure for classifying prior convictions to score criminal history is set forth in the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2016 Supp. 21-

3

6801 et seq. K.S.A. 2016 Supp. 21-6811(e) governs the classification of prior out-of-state convictions like the one here. Under K.S.A. 2016 Supp. 21-6811(e)(2), the court must first determine whether the prior conviction is a misdemeanor or a felony based on the law of the state where the defendant was convicted. Here, the sentencing court properly classified Jimenez' prior conviction as a felony for purposes of criminal history because Missouri treated the prior conviction as a felony. See Mo. Rev. Stat. § 569.170 (1988). Next, the court must determine whether to classify the prior out-of-state conviction as a person or nonperson offense. The court makes this determination by looking to see whether Kansas had a comparable offense at the time the defendant committed the current crime of conviction. K.S.A. 2016 Supp. 21-6811(e)(3); *State v. Keel*, 302 Kan. 560, 590, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). If there is no comparable offense in Kansas at the time the defendant committed the current crime of conviction, the out-of-state conviction is classified as a nonperson offense. K.S.A. 2016 Supp. 21-6811(e)(3). If Kansas does have a comparable offense at the time the defendant committed the current crime of conviction, the court must refer to that comparable offense in Kansas in deciding whether to classify the prior out-of-state conviction as a person or nonperson offense. K.S.A. 2016 Supp. 21-6811(e)(3).

To determine whether a Kansas statute is comparable to an out-of-state conviction, "'the offenses need only be comparable, not identical.'" *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014) (quoting *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 [2003], *overruled on other grounds by Dickey*, 301 Kan. at 1032). Instead of identical, a comparable crime is one that is "'similar in nature and cover[s] a similar type of criminal conduct.'" *State v. Riolo*, 50 Kan. App. 2d 351, 353, 330 P.3d 1120 (2014) (quoting *State v. Barajas*, 43 Kan. App. 2d 639, 643, 230 P.3d 784 [2010]). Thus, K.S.A. 2016 Supp. 21-6811(e) allows the sentencing court to classify prior out-of-state convictions as person felonies in scoring criminal history if an out-of-state offense is similar in nature and covers a type of criminal conduct similar to a Kansas offense that is classified as a person felony. If the current comparable offense under the Kansas criminal code criminalizes

4

some conduct as a person offense and other conduct as a nonperson offense, however, both the Kansas and United States Constitutions require further analysis to determine the propriety of classifying a prior out-of-state conviction as a person offense for purposes of scoring criminal history under K.S.A. 2016 Supp. 21-6811(e). In that circumstance—which in this case arises under the Kansas burglary statute, K.S.A. 21-3715—the constitutional protections described in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), are implicated when the court goes beyond the fact of a prior out-of-state conviction and its statutory elements to make findings of fact that are then used to increase the penalty for the current crime of conviction beyond the prescribed statutory maximum.

In *Dickey*, 301 Kan. 1018, Syl. ¶ 7, our Supreme Court explained that "[t]he constitutional protections described in [*Apprendi*] are implicated when a district court, for purposes of enhancing a defendant's sentence for a current conviction, makes findings of fact at sentencing that go beyond merely finding the existence of a prior conviction or the statutory elements that made up the prior conviction." In *Apprendi*, 530 U.S. at 490, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

In *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), the United States Supreme Court identified the two ways in which a sentencing court can analyze prior convictions for purposes of current sentencing without violating the constitutional protections articulated in *Apprendi*: the categorical approach and the modified categorical approach. Regardless of which approach is used, the sentencing court ultimately is required to compare the elements of the prior conviction with elements of the generic offense without considering the facts underlying the prior conviction. *Descamps*, 133 S. Ct. at 2281. Both approaches were adopted by the Kansas Supreme Court in *Dickey*, 301 Kan. at 1036-40.

5

Under the categorical approach, the court looks only at the statutory elements of the two offenses being compared. A modified categorical approach is used, however, when the prior conviction statute is divisible—in other words, when the statute under which the defendant previously was convicted provides alternative ways of committing the crime, each with its own set of elements. Under the modified categorical approach, the court can look at a limited set of documents to determine which set of statutory elements it should use for purposes of comparing that prior conviction with the elements of the current comparable offense. So, the modified categorical approach lets the court look at a few underlying facts from the prior conviction, but not for sentencing purposes—only to determine which alternative set of elements in the prior conviction statute it should compare to the current comparable offense. *Descamps*, 133 S. Ct. at 2281.

Recently, in *Mathis v. United States*, 579 U.S. __, 136 S. Ct. 2243, 2249, 195 L. Ed. 2d 604 (2016), the United States Supreme Court clarified that the modified categorical approach applies only to statutes that list "multiple elements disjunctively" and not to those that merely list "various factual means of committing a single element." To illustrate the difference, the Court provided an example. If "a statute requires use of a 'deadly weapon' as an element of a crime and further provides that the use of a 'knife, gun, bat, or similar weapon' would all qualify," application of the modified categorical approach would be inappropriate because that statute "merely specifies diverse means of satisfying a single element of a single crime." 136 S. Ct. at 2249. Thus, "[t]he first task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means." 136 S. Ct. at 2256.

Having set forth the statutory procedure for classifying prior out-of-state convictions for purposes of scoring criminal history in circumstances where that particular classification ultimately enhances a defendant's sentence for a current conviction, we must next review the district court's decision to classify Jimenez' 1988

6

Missouri burglary conviction as a person offense. At the time Jimenez committed the current crime, the Kansas burglary statute provided, in relevant part:

"Burglary is knowingly and without authority entering into or remaining within any:

"(a) Building, manufactured home, mobile home, tent or other structure which is a dwelling, with intent to commit a felony, theft or sexual battery therein;

"(b) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexual battery therein; or

"(c) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexual battery therein.

"Burglary as described in subsection (a) is a severity level 7, person felony."

K.S.A. 21-3715 (Torrence 2007).

Based on the language in the Kansas burglary statute, Jimenez' 1988 Missouri burglary conviction must be classified as a prior person felony if it was burglary of a dwelling but as a prior nonperson felony if it was burglary of a nondwelling. K.S.A. 21-3715. In Kansas, a dwelling is defined as "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." K.S.A. 2016 Supp. 21-5111(k). Thus, if the Missouri burglary statute includes a requirement that the burglary was of an enclosed space used or intended for use as a human habitation, home, or residence, then the prior conviction should be classified as a person felony in Kansas.

The Missouri burglary statute that forms the basis for Jimenez' prior conviction in 1988 provided, in relevant part:

"1. A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.

7

"2. Burglary in the second degree is a class C felony." Mo. Rev. Stat. § 569.170 (1988).

Mo. Rev. Stat. § 569.010 (1988) sets forth the definition of inhabitable structure as that term is used in the Missouri second-degree burglary statute above:

"(2) 'Inhabitable structure' includes a ship, trailer, sleeping car, airplane, or other vehicle or structure:
(a) *Where any person lives* or carries on business or other calling; or
(b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation; or
(c) *Which is used for overnight accommodations of persons*. Any such vehicle or structure is 'inhabitable' regardless of whether a person is actually present." (Emphasis added.)

Jimenez argues the district court erred in classifying his prior conviction as a person felony because Mo. Rev. Stat. § 569.170 (1988) does not include a dwelling element. Thus, Jimenez claims the district court necessarily had to have considered facts beyond the elements of the comparable statutes to find that his prior Missouri burglary had been committed in a dwelling. Because his criminal history was enhanced due to this finding, Jimenez argues the district court engaged in improper judicial fact finding that violated his constitutional rights under *Apprendi* and *Descamps*, as applied by *Dickey*.

Multiple panels of this court recently concluded that a district court was constitutionally prohibited from classifying a defendant's prior Missouri burglary conviction under Mo. Rev. Stat. § 569.170 as a person felony because doing so necessarily resulted from the district court making or adopting a factual finding (i.e., the prior burglary involved a dwelling) that went beyond simply identifying the statutory elements that constituted the prior burglary conviction. See *State v. Fahnert*, 54 Kan. App. 2d 45, 396 P.3d 723 (2017), *State v. Cogburn*, No. 115,855, 2017 WL 1535217, at *9 (Kan. App. 2017) (unpublished opinion); *State v. Dixon*, No. 115,157, 2017 WL

8

1534625, at *10 (Kan. App. 2017) (unpublished opinion). The panels initially found it unnecessary to determine whether the Missouri burglary statute is divisible because neither the elements of burglary of a building nor burglary of an inhabitable structure match the dwelling location element of the Kansas statute. *Fahnert*, 54 Kan. App. 2d at 53; *Cogburn*, 2017 WL 1535217, at *4-5; *Dixon*, 2017 WL 1534625, at *5. The panels reasoned that under *Dickey*, the prior Missouri burglary convictions should have been classified as nonperson felonies because Mo. Rev. Stat. § 569.170 did not include a dwelling element and the definition of inhabitable structure as that term was used in the statute included vehicles and structures used or intended to be used for purposes other than a human habitation, home, or residence. Thus, the panels remanded each of these cases for resentencing. *Fahnert*, 54 Kan. App. 2d at 64; *Cogburn*, 2017 WL 1535217, at *9; *Dixon*, 2017 WL 1534625, at *10.

As noted by the above panels, this analysis of the Missouri burglary statute is consistent with the reasoning used by other panels of our court. *Fahnert*, 54 Kan. App. 2d at 55; *Cogburn*, 2017 WL 1535217, at *5; *Dixon*, 2017 WL 1534625, at *6. See *State v. Wetrich*, No. 112,361, 2016 WL 197808, at *5 (Kan. App. 2016) (unpublished opinion) ("[E]ven though Mo. Rev. Stat. § 569.170 [1988] is a divisible statute, because none of the alternative elements in Mo. Rev. Stat. § 569.170 [1988] match the essential 'dwelling' element in K.S.A. 21-3715[a], the district court was prohibited from looking outside the elements of the comparable offenses without violating *Apprendi* and *Descamps*."), *rev. granted* 305 Kan. 1258 (2016); *State v. Beck*, No. 113,496, 2016 WL 3570543, at *4 (Kan. App. 2016) (unpublished opinion) (prior Arkansas burglary conviction properly classified as nonperson felony because Arkansas burglary statute did not include dwelling element where definition of "occupiable structure" included commercial buildings not intended for use as a human habitation, as long as they could be "occupied"), *rev. denied* 305 Kan. 1253 (2017); *State v. Farley*, No. 109,655, 2014 WL 5345895, at *7 (Kan. App. 2014) (unpublished opinion) (district court erred in treating Farley's 1998 Missouri burglary conviction as a person felony in scoring his criminal history because "[t]he

Missouri statute under which Farley was convicted covered conduct that would not qualify as a person felony in Kansas"), *rev. denied* 302 Kan. 1014 (2015). But see *State v. Sodders*, No. 115,366, 2017 WL 462046, at *4-5 (Kan. App. 2017) (unpublished opinion) (applying modified categorical approach to conclude that district court properly classified Sodders' prior Missouri burglary conviction as a person felony), *petition for rev. filed* March 3, 2017.

Here, the district court classified Jimenez' prior Missouri burglary conviction as a person felony based on a factual finding that the prior burglary involved a dwelling. In doing so, the court went beyond simply identifying the statutory elements that constituted the prior burglary conviction. Given the district court's imposition of a durational departure sentence, it is unclear whether Jimenez' sentence was actually enhanced because of this finding. Moreover, the journal entry from the 1988 Missouri burglary conviction is not in the record on appeal and we cannot determine whether a jury determined that Jimenez burglarized a dwelling or residence. Thus, we vacate Jimenez' sentence and remand this case to the district court with directions to reclassify Jimenez' prior Missouri burglary conviction as a nonperson felony and resentence him after such reclassification.

## DID THE DISTRICT COURT ERR IN GRANTING THE STATE'S MOTION TO CORRECT ILLEGAL SENTENCE?

Jimenez next argues that the district court erred in granting the State's motion to correct illegal sentence. Specifically, Jimenez claims that because of the 2013 amendments to K.S.A. 22-3717, K.S.A. 2016 Supp. 22-3717(d)(1)(D) and K.S.A. 2016 Supp. 22-3717(d)(1)(G) directly conflict as to which subsection applies to his case. He argues that under the rule of lenity, his postrelease supervision term should be 36 months under K.S.A. 2016 Supp. 22-3717(d)(1)(D), rather than lifetime under K.S.A. 2016 Supp. 22-3717(d)(1)(G).

Under K.S.A. 22-3504(1), an illegal sentence may be corrected at any time. An "illegal sentence," as contemplated by K.S.A. 22-3504(1), is a sentence imposed by the court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). Whether a sentence is illegal is a question of law over which an appellate court has unlimited review. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). The interpretation of the sentencing statute is also a question of law over which we exercise unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Jimenez acknowledges that his statutory argument recently was rejected by this court in *State v. Herrmann*, 53 Kan. App. 2d 147, 153-54, 384 P.3d 1019 (2016), *rev. denied* July 25, 2017, but argues that *Herrmann* was wrongly decided. The *Herrmann* court determined that K.S.A. 2016 Supp. 22-3717(d)(1)(D) only applies to persons convicted of a sexually violent crime after July 1, 1993, but before July 1, 2006. 53 Kan. App. 2d 147, Syl. ¶ 5. The *Herrmann* court further held that the 2013 amendments to K.S.A. 22-3717(d)(1)(D) do not alter the requirement in K.S.A. 22-3717(d)(1)(G) that a person convicted of a sexually violent crime on or after July 1, 2006, received lifetime postrelease supervision. 53 Kan. App. 2d 147, Syl. ¶ 4. The *Herrmann* rationale and analysis has now been adopted and followed in numerous unpublished but persuasive opinions. See, *e.g.*, *State v. Cash*, No. 116,560, 2017 WL 2494798, at *3-4 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* July 10, 2017; *State v. Wilson*, No. 116,381, 2017 WL 2212171, at *4 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* June 19, 2017; *State v. Darnell*, No. 116,329, 2017 WL 2834649, at *3-4 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* July 14, 2017; *State v. Dackin*, No. 115,687, 2017 WL 2403349, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* June 28, 2017; *State v. Johnson*, No. 115,660, 2017 WL 2709558, at *2 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* July 24, 2017; *State v.*

11

*Brook*, No. 115,657, 2017 WL 1535138, at \*3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* May 17, 2017; *State v. Candley*, No. 115,640, 2017 WL 2494948, at \*4-6 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* June 19, 2017; *State v. Combs*, No. 115,638, 2017 WL 1296312, at \*6 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* May 8, 2017; *State v. Sananikone*, No. 115,340, 2017 WL 2494952, at \*1 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* July 5, 2017; *State v. Phillips*, No. 115,107, 2017 WL 1822383, at \*1-2 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* June 5, 2017; *State v. Metzger*, No. 115,056, 2017 WL 2838268, at \*3-4 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* July 31, 2017.

This court adopts *Herrmann*'s reasoning and applies it to the facts here. Jimenez' conviction of rape is a sexually violent crime as defined in K.S.A. 2016 Supp. 22-3717(d)(5)(A). His crime was committed in June 2010, which is after July 1, 2006. On the date Jimenez' crime was committed, K.S.A. 2009 Supp. 22-3717(d)(1)(G) required a sentence of lifetime postrelease supervision for a conviction of rape. The 2013 statutory amendments did not alter this result. Thus, Jimenez' original term of 36 months' postrelease supervision constituted an illegal sentence, which the district court could correct at any time under K.S.A. 22-3504(1). The district court did not err in granting the State's motion to correct illegal sentence.

DID THE DISTRICT COURT ERR IN FAILING TO ORALLY PRONOUNCE JIMENEZ' LIFETIME POSTRELEASE SUPERVISION TERM?

Finally, Jimenez contends his sentence is illegal and void because the district court failed to orally impose the lifetime term of postrelease supervision and instead simply included that component of the punishment in a written journal entry.

As previously stated, an illegal sentence may be corrected at any time. K.S.A. 22-3504(1). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which an appellate court has unlimited review. *Moncla*, 301 Kan. at 551.

A sentence that is not orally pronounced in open court is ambiguous with respect to the time and manner in which it is to be served and thus illegal. See *State v. Howard*, 287 Kan. 686, Syl. ¶ 4, 198 P.3d 146 (2008); see also *Abasolo v. State*, 284 Kan. 299, Syl. ¶ 3, 160 P.3d 471 (2007) ("A criminal sentence is effective upon pronouncement from the bench; it does not derive its effectiveness from the journal entry."). Under K.S.A. 2016 Supp. 21-6804(e)(2), the sentencing court must orally pronounce the complete sentence, which includes any postrelease supervision period, at the sentencing hearing. But failure to "pronounce the period of postrelease supervision shall not negate the existence of such period of postrelease supervision." K.S.A. 2016 Supp. 21-6804(e)(2)(C). This court has determined the appropriate remedy in a case where the sentencing court failed to pronounce the postrelease supervision period but included the term in a journal entry was to remand for resentencing so that a complete sentence could be imposed in open court. *State v. Arrocha*, 42 Kan. App. 2d 796, 798, 217 P.3d 467 (2009). The State concedes that the case should be remanded for resentencing.

We affirm in part, vacate Jimenez' sentence, and remand to the district court for resentencing.

13